UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A.M., a minor, by and through her parent and natural guardian, GRETCHEN FORGIONE, and GRETCHEN FORGIONE in her own right, | : : : : | |
| Plaintiffs | : : | |
| v. | : : | |
| LANDSCAPE STRUCTURES, INC., | : | |
| Defendant/Third-Party Plaintiff | : | CIVIL NO. 1:14-CV-1376 |
| v. | : : | |
| CHAMBERSBURG AREA SCHOOL DISTRICT, HAMILTON HEIGHTS ELEMENTARY SCHOOL, and GEORGE ELY ASSOCIATES, INC., | : : : : | |
| Third-Party Defendants | : | |

*M E M O R A N D U M*

I.      *Introduction*

        We are considering two motions to dismiss.  This case relates to personal

injuries that Plaintiff A.M. suffered while she was using playground equipment.  (Doc. 1-1).

Third-Party Defendants Chambersburg Area School District and Hamilton Heights

Elementary School (together School Defendants) have filed a motion to dismiss portions

of the third-party complaint and a motion to dismiss crossclaims asserted by Plaintiffs.

(Doc. 28; Doc. 29).  For the reasons discussed below, we will deny the motion to dismiss

portions of the third-party complaint, we will grant the motion to dismiss Plaintiffs'

crossclaims, and we will *sua sponte* dismiss Plaintiffs' crossclaims against Third-Party Defendant George Ely Associates, Inc.

II.        *Background*

On June 8, 2010, Plaintiff A.M. suffered injuries while playing on a "Track Ride" at Hamilton Heights Elementary School.  (Doc. 1-1 at 13).  Alleging strict products liability, negligence, and breach of warranties, A.M. and her mother, Gretchen Forgione, filed a complaint in the Pennsylvania Court of Common Pleas of Franklin County against Landscape Structures, Inc. (Landscape), the manufacturer of the Track Ride.  (Doc. 1-1). Landscape removed the case to this court based on our diversity jurisdiction under 28 U.S.C. § 1332 – Plaintiffs are citizens of Pennsylvania, while Landscape is a citizen of Minnesota.  (Doc. 1).  On January 29, 2015, Plaintiffs filed a motion for joinder.  (Doc. 13). They sought to add as a defendant George Ely Associates, Inc. (Ely Associates), a Pennsylvania company that distributed the Track Ride in question.  (Id.).  The following day, Landscape filed a motion for leave to file a third-party complaint against Chambersburg Area School District and Hamilton Heights Elementary School.  (Doc. 14).

Landscape opposed Plaintiffs' motion to join Ely Associates, asserting that Plaintiffs were attempting to destroy diversity of citizenship.  (Doc. 15).  Plaintiffs replied by offering to have Landscape add Ely Associates as a third-party defendant in order to preserve diversity.  (Doc. 18 at 2).  We held a conference call on March 30, 2015 to discuss the parties' positions.  Inclined to grant Plaintiffs' motion for joinder and remand the case to state court, we gave Landscape the option, as suggested by Plaintiffs, to add Ely Associates as a third-party defendant, thereby preserving complete diversity of

citizenship and our subject-matter jurisdiction under § 1332.  Landscape chose to exercise that option.

On April 27, 2015, Landscape filed an amended motion for leave to file a third-party complaint, which we subsequently granted.  (Doc. 19; Doc. 21).  On May 1, 2015, Landscape filed its third-party complaint pursuant to Federal Rule of Civil Procedure 14 and named Chambersburg Area School District, Hamilton Heights Elementary School, and George Ely Associates, Inc. as third-party defendants.  (Doc. 23).  In its complaint, Landscape alleges that each third-party defendant is liable for contribution and indemnity.  (Id.).  Although not named as a defendant, Plaintiffs filed an answer to Landscape's complaint and asserted state-law crossclaims against each third-party defendant.  (Doc. 24).  On June 30, 2015, the School Defendants filed a motion to dismiss paragraphs 11(c)-(f) of Landscape's third-party complaint and a motion to dismiss Plaintiffs' crossclaims.  We address each motion in turn.

III.        *Discussion*

A. *Motion to Dismiss Paragraphs 11(c)-(f) of the Third-Party Complaint*

1. *Standard of Review*

The School Defendants move to dismiss paragraphs 11(c)-(f) pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir.

2008)).  While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556).  "[L]abels and conclusions" are not enough, and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

### 2.  Paragraphs 11(c)-(d)

In paragraphs 11(c)-(d), Landscape alleges that the School Defendants are liable for contribution and indemnity because they failed to install, inspect, and maintain a fall absorbing surface beneath the Track Ride.  (Doc. 23 at 3).  In their motion to dismiss, the School Defendants argue that Pennsylvania's Political Subdivision Tort Claims Act grants them immunity on these claims.  (Doc. 33 at 6).

The Political Subdivision Tort Claims Act provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 PA. CONS. STAT. ANN. § 8541.  There are exceptions, however.  See 42 PA. CONS. STAT. ANN. § 8542. Pursuant to the one exception relevant in this case, a local agency may be held liable for the care, custody, or control of real property in its possession.  § 8542(b)(3).  The School Defendants argue that the real property exception does not apply to the claims in

paragraphs 11(c)-(d) because the fall absorbing surface below the Track Ride – mulch – is personalty, not real property.  (Doc. 33 at 6-8; Doc. 36 at 5-7).

Pennsylvania law separates chattels used in connection with real estate into three categories to determine whether they are personalty or real property.  First, if the chattels "are manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used," they are personalty.  Clayton v. Lienhard, 167 A. 321, 322 (Pa. 1933).  On the other end of the spectrum, if the chattels "are so annexed to the property that they cannot be removed without material injury to the real estate or to themselves," the chattels are realty, "even in the face of an expressed intention that they should be considered personalty."  Id.  For chattels that fall between the first two categories, intent governs.  That is, if the chattels are physically connected with the real property, but "are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed," the chattels "become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation."  Id.  Implicitly placing mulch into this third category of chattels, the School Defendants argue that mulch is personalty because it could be removed without damage.  (Doc. 33 at 7-8).

While we agree that mulch belongs in the third category,[1] contrary to the School Defendants' argument, property within this category does not automatically become personalty simply because it can be removed without damage.  Rather, the rule

---

1. Citing Rivera v. Pleasant Valley Sch. Dist., 32 Pa. D. & C. 5th 568 (Pa. Com. Pl. 2013), Landscape suggests that mulch cannot be removed without damage and therefore it is real property under the second category of chattels.  Although we agree with the court in Rivera that mulch is not so readily movable that it appropriately fits into the furniture category, we disagree that the removal of mulch results in material damage to the real property or the mulch.

makes clear that intent at the time of annexation dictates.  Thus, the mulch is real property if the School Defendants intended it to become part of the realty at the time it was installed.  Because our scope of review on 12(b)(6) motion is limited to the face of the complaint, see Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010), we are unable to determine, at this stage,[2] that the School Defendants' intent was to the contrary.  Therefore, viewing the complaint in the light most favorable to Landscape, paragraphs 11(c)-(d) state a plausible claim under the real property exception to local agency immunity.  Accordingly, we will deny the School Defendants' motion to dismiss paragraphs 11(c)-(d).

### 3. Paragraphs 11(e)-(f)

In paragraphs 11(e)-(f) of the third-party complaint, Landscape claims that the School Defendants are liable for contribution and indemnity because they failed to follow recommendations and instructions for the installation and maintenance of the Track Ride.  (Doc. 23 at 3).  In their motion to dismiss, the School Defendants reframe these claims.  They posit that Landscape, in reality, is claiming either: (1) the School Defendants negligently supervised the installation and maintenance of the Track Ride; or (2) the School Defendants themselves were negligent in the installation and maintenance of the Track Ride.  (Doc. 33 at 8-12; Doc. 36 at 7-8).  If it is the former, the School Defendants argue that they are immune from liability because the real property exception does not extend to negligent supervision, and if it is the latter, they argue the claims should be dismissed as duplicitous of paragraphs 11(a)-(b).  (Id.).

---

2. The School Defendants are free to raise their immunity argument again at the summary judgment stage, at which point we can examine all evidence produced during discovery.

We disagree with the School Defendants' characterization of paragraphs 11(e)-(f) as negligent supervision claims.  Again limiting our review to the face of the third-party complaint, we find nothing that alleges or otherwise suggests negligent supervision. To the contrary, the plain language of paragraphs 11(e)-(f) allege that the School Defendants, themselves, failed to follow recommendations and instructions for the installation and maintenance of the Track Ride.  Thus, the School Defendants' argument that the real property exception does not extend to negligent supervision is immaterial.

Moreover, we decline to dismiss paragraphs 11(e)-(f) as duplicitous. Reading paragraph 11 as a whole, we read subsections (a)-(b) to make general allegations that the School Defendants failed to properly install and maintain the Track Ride.  Subsections (c)-(d), concerning the fall absorbing surface beneath the Track Ride, and subsections (e)-(f), concerning the failure to follow recommendations and instructions, provide specific allegations of how Landscape's installation and maintenance was improper.  We see no reason to dismiss portions of the third-party complaint that elucidate the basis of Landscape's indemnity and contribution claim.  Accordingly, we will deny the School Defendants' motion to dismiss paragraphs 11(e)-(f).

B. Motion to Dismiss Plaintiffs' Crossclaims

1. Standard of Review

The School Defendants move to dismiss Plaintiffs' crossclaims pursuant Federal Rule of Civil Procedure 12(b)(1).  Rule 12(b)(1) allows a court to dismiss a complaint for lack of subject-matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  When subject-matter jurisdiction is challenged based on the face of the complaint, a court looks only to the allegations in the complaint and accepts those allegations as true.  U.S. ex rel.

Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007).  The Plaintiff bears the

burden to "convince the court it has jurisdiction," Gould Elecs., Inc. v. United States, 220

F.3d 169, 178 (3d Cir. 2000), but a court should only dismiss a complaint for lack of

subject-matter jurisdiction if it appears with certainty that the assertion of jurisdiction would

be improper.[3]  Empire Kosher Poultry, Inc. v. United Food & Commercial Workers Health

& Welfare Fund of Ne. Pa., 285 F. Supp. 2d 573, 577 (M.D. Pa. 2003).

> 2. *Subject-Matter Jurisdiction of Crossclaims Against School*
> *Defendants*

"The basic statutory grants of federal-court subject-matter jurisdiction are

contained in 28 U.S.C. §§ 1331 and 1332."  Arbaugh v. Y&H Corp., 546 U.S. 500, 513

(2006).  Section 1331 gives us original subject-matter jurisdiction when the claim arises

under the Constitution or the laws of the United States.  28 U.S.C. § 1331.  Section 1332

gives us original subject-matter jurisdiction when the claim is between parties of diverse

citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  When a

federal court has original jurisdiction under §§ 1331 or 1332, "it can maintain

[supplemental] jurisdiction over claims that lack an independent basis of jurisdiction if

those claims 'are so related to claims' within the court's jurisdiction 'that they form part of

the same case or controversy under Article III of United States Constitution.'"  HB Gen.

Corp. v. Manchester Partners, L.P., 95 F.3d 1185, 1197 (3d Cir. 1996)(quoting 28 U.S.C.

§ 1367(a)).

---

3.  The School Defendants argue that since Plaintiffs failed to file a brief in opposition as required
by the local rules, we must grant their motion to dismiss as unopposed.  (Doc. 37).  We disagree.
The Third Circuit has made it clear that district courts should conduct a merits analysis before
granting an unopposed motion to dismiss.  See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d
Cir. 1991).

We agree with the School Defendants that we have neither original nor supplemental subject-matter jurisdiction over Plaintiffs' crossclaims.  Because Plaintiffs' crossclaims are all pursuant to Pennsylvania common law, not the Constitution or the laws of the United States, we lack original jurisdiction under § 1331.  (Doc. 24).  Likewise, we lack original jurisdiction under § 1332 because Plaintiffs and the School Defendants are not of diverse citizenship – all are citizens of Pennsylvania.  (Doc. 1; Doc. 23).  Finally, § 1367(b) prohibits us from exercising supplemental jurisdiction in this circumstance.  Pursuant to § 1367(b), if our original jurisdiction is founded solely on diversity of citizenship, we cannot exercise supplemental jurisdiction over claims against persons made parties under Federal Rule of Civil Procedure 14, if it would be inconsistent with the diversity requirements of § 1332.  28 U.S.C. § 1367(b).  Here, our original jurisdiction is based solely on diversity, see (Doc. 1; Doc. 23), the School Defendants were made parties under Rule 14, see (Doc. 19), and since Plaintiffs' and the School Defendants are all citizens of Pennsylvania, exercising supplemental jurisdiction would be inconsistent with the diversity requirement of § 1332.  Therefore, § 1367(b) precludes us from exercising supplemental jurisdiction.  Because we lack original and supplemental jurisdiction over Plaintiffs' crossclaims against the School Defendants, we will grant the School Defendants' motion to dismiss.

   *3. Subject-Matter Jurisdiction of Crossclaims Against Ely Associates*

   Although Ely Associates was not included in the motion to dismiss, federal courts have an independent and ongoing obligation to satisfy themselves of their subject-matter jurisdiction, even in the absence of a challenge from any party.  Arbaugh, 546 U.S. at 514.  "A necessary corollary [of that obligation] is that the court can raise *sua sponte*

subject-matter jurisdiction concerns." <u>Nesbit v. Gears Unlimited, Inc.</u>, 347 F.3d 72, 77 (3d Cir. 2003).  We do so here and find that our analysis above is equally applicable to Plaintiffs' crossclaims against Ely Associates: Plaintiffs' crossclaims are state-law claims; Plaintiffs and Ely Associates are all citizens of Pennsylvania, <u>see</u> (Doc. 23 at 2); our original jurisdiction is based solely on diversity jurisdiction; Ely Associates was made a party pursuant to Rule 14; and exercising supplemental jurisdiction would be inconsistent with the diversity requirement of § 1332.[4]  Accordingly, we will *sua sponte* dismiss Plaintiffs' crossclaims against Ely Associates.[5]  <u>See</u> <u>Zambelli Fireworks Mfg. Co. v. Wood</u>, 592 F.3d 412, 421 (3d Cir. 2010) ("[W]e can dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding.").

*IV.        Conclusion*

For the reasons discussed above, we will deny the School Defendants' motion to dismiss paragraphs 11(c)-(f) of the third-party complaint, we will grant the motion to dismiss Plaintiffs' crossclaims, and we will *sua sponte* dismiss Plaintiffs' crossclaims against George Ely Associates, Inc.  Upon the School Defendants filing an answer to the third-party complaint, we will schedule a case management conference.  We will issue an appropriate order.

---

4.  This was clear to us when we entertained Plaintiffs' motion for joinder, and it was precisely the reason Landscape included Ely Associates as a third-party defendant instead of Plaintiffs joining it as a first-party defendant.

5.  Even if we had subject-matter jurisdiction, we note that a crossclaim is not the appropriate vehicle for Plaintiffs to assert claims against a third-party defendant.  Federal Rule of Civil Procedure 13(g) provides that crossclaims can only be properly asserted against a <u>coparty</u>.  Fed. R. Civ. P. 13(g); <u>Stahl v. Ohio River Co.</u>, 424 F.2d 52, 56 (3d Cir. 1970) (defining "coparties" as parties on the same side of the principal litigation).  The appropriate procedural vehicle for Plaintiffs' claims is Rule 14(a)(3).